*Rehearing denied July 11, 2006:*

PEOPLE V MONACO, No. 126852. In this cause, the Attorney General's motion to intervene and motion for rehearing have been considered. The motion to intervene is denied as unnecessary. Pursuant to MCL 14.28, the Attorney General is required to prosecute all actions in this Court in which the state is a party. Because this is a criminal action in which the state is a party, the Attorney General has been listed as a representative of the state throughout the proceedings in this Court and, therefore, does not need to intervene. As for the motion for rehearing, it is denied. Reported at: 474 Mich 48.

WEAVER, J. *(dissenting in part)*. I dissent from the majority's decision to deny rehearing. I previously joined Justice KELLY in her concurrence/dissent to the majority's affirmance of the Court of Appeals decision regarding the appropriate statute of limitations. *People v Monaco*, 474 Mich 48 (2006). I dissented from section IV and the conclusion of the majority opinion because I believed that the Court of Appeals was correct when it found that felony nonsupport is a continuing violation. Consequently, I would have affirmed the conclusions of the Court of Appeals. For these same reasons, I would grant the Attorney General's motion for rehearing.

KELLY, J. *(concurring in part and dissenting in part)*. I dissent from the majority's decision to deny the motion for rehearing. As I opined in

my concurrence/dissent in *People v Monaco*, 474 Mich 48, 59-65 (2006), the majority incorrectly determined that felony nonsupport is not a continuing violation.

With respect to the motion to intervene, I concur in the majority's determination that the motion is unnecessary. The Attorney General asks to join the suit as an intervening plaintiff-appellee. His arguments are framed on behalf of the people of the state of Michigan. But the people are already a party in this case. They are the plaintiff-appellee. Attorney General Michael A. Cox is listed, along with Assistant Prosecuting Attorney Jennifer Frustaci Adlhoch, as the representative of the people. See *Monaco, supra* at 48. Because the people are already a party, the Attorney General had no need to resort to MCL 14.28 or 14.101 in order to intervene. Hence, the people already are entitled to file a motion for rehearing, and the Attorney General is entitled to argue the motion.

*Order Entered July 11, 2006:*

PROPOSED AMENDMENT OF RULES 2.512, 2.513, 2.514, 2.515, 2.516, AND 6.414 OF THE MICHIGAN COURT RULES. On order of the Court, this is to advise that the Court is considering amendments of Rules 2.512, 2.513, 2.514, 2.515, 2.516, and 6.414 of the Michigan Court Rules. Before determining whether the proposal should be adopted, changed before adoption, or rejected, this notice is given to afford interested persons the opportunity to comment on the form or the merits of the proposal or to suggest alternatives. The Court welcomes the views of all. This matter also will be considered at a public hearing. The notices and agendas for public hearings are posted at www.courts.michigan.gov/supremecourt.

Publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption of the proposal in its present form.

[The present language would be amended as indicated below:]

RULE 2.512. INSTRUCTIONS TO JURY ~~RENDERING VERDICT~~.

~~(A) Majority Verdict; Stipulations Regarding Number of Jurors and Verdict. The parties may stipulate in writing or on the record that~~

~~(1) the jury will consist of any number less than 6,~~

~~(2) a verdict or a finding of a stated majority of the jurors will be taken as the verdict or finding of the jury, or~~

~~(3) if more than six jurors were impaneled, all of the jurors may deliberate.~~

~~Except as provided in MCR 5.740(C), in the absence of such stipulation, a verdict in a civil action tried by 6 jurors will be received when 5 jurors agree.~~